1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name Duarte                 Eric                    C
              (Last)                    (First)                  (Initial)

3  Prisoner Number  T-24814

4  Institutional Address  P.O. BOX 1050, Soledad, California 93960-1060

5

6

7  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

8  Eric Cresencio Duarte
   (Enter the full name of plaintiff in this action.)

9                                              )
                        vs.                    )
10                                             )   Case No. _____
                                               )   (To be provided by the clerk of court)
   M.S. Evans-Warden                           )
11 _____           )
                                               )   **PETITION FOR A WRIT**
12 _____           )   **OF HABEAS CORPUS**
                                               )
13 _____           )
                                               )
14 (Enter the full name of respondent(s) or jailor in this action)   )

15

16                    Read Comments Carefully Before Filling In

17 When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  Who to Name as Respondent

2        You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition?

12             (a)    Name and location of court that imposed sentence (for example; Alameda

13                    County Superior Court, Oakland):

14             SUPERIOR COURT                           SANTA CLARA COUNTY

15             Court                                    Location

16             (b)    Case number, if known    CC309204

17             (c)    Date and terms of sentence 12/23/04;150 years to life,Consec.73yrs
                      4 months.
18             (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                    parole or probation, etc.)            Yes xx        No _____

20             Where?

21             Name of Institution: Salinas Valley State Prison

22             Address: P.O.BOX 1050,Soledad,California 93960-1060

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26   Robbery with use of firearm,Ex Felon in possession of Amunition,False

27   Imprisonment,and three Strikes enhancements(Penal Codes Sections §§211-

28   212.5(c);12022.53(b);236-237(a)(1);1231(b);667.5 and 1170.12

PET. FOR WRIT OF HAB. CORPUS          -2-

3. Did you have any of the following?

    Arraignment:                Yes <u>xx</u>    No <u>    </u>

    Preliminary Hearing:     Yes <u>xx</u>    No <u>    </u>

    Motion to Suppress:     Yes <u>xx</u>    No <u>    </u>

4. How did you plead?

    Guilty <u>    </u>   Not Guilty <u>xx</u>   Nolo Contendere <u>    </u>

    Any other plea (specify) <u>                   </u>

5. If you went to trial, what kind of trial did you have?

    Jury <u>xx</u>   Judge alone<u>    </u>   Judge alone on a transcript <u>    </u>

6. Did you testify at your trial?         Yes <u>    </u>    No <u>xx</u>

7. Did you have an attorney at the following proceedings?

    (a)    Arraignment             Yes <u> xx </u>    No <u>    </u>

    (b)    Preliminary hearing      Yes <u> xx </u>    No <u>    </u>

    (c)    Time of plea            Yes <u> xx </u>    No <u>    </u>

    (d)    Trial                  Yes <u> xx </u>    No <u>    </u>

    (e)    Sentencing            Yes <u> xx </u>    No <u>    </u>

    (f)    Appeal               Yes <u> xx </u>    No <u>    </u>

    (g)    Other post-conviction proceeding   Yes <u>    </u>    No <u> xx </u>

8. Did you appeal your conviction?      Yes <u> xx </u>    No <u>    </u>

    (a)    If you did, to what court(s) did you appeal?

          Court of Appeal          Yes <u>xx</u>    No <u>    </u>

          Year: <u> 2005 </u>    Result: <u> Denied </u>

          Supreme Court of California   Yes <u>xx</u>    No <u>    </u>

          Year: <u>2006</u>    Result: <u> Denied </u>

          Any other court         Yes <u>    </u>    No <u>xx</u>

          Year: <u>    </u>    Result: <u>    </u>

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1         petition?                              Yes <u>xx</u>    No<u>    </u>

2     (c)    Was there an opinion?               Yes <u>xx</u>    No<u>    </u>

3     (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                   Yes<u>    </u>    No <u>xx</u>

5         If you did, give the name of the court and the result:

6                 _____

7                 _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?         Yes <u>xx</u>    No<u>    </u>

10     [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16     (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                questions for each proceeding. Attach extra paper if you need more space.

18         I.     Name of Court: <u>Sixth Appellate District</u>

19               Type of Proceeding: <u>Writ of Habeas Corpus</u>

20               Grounds raised (Be brief but specific):

21               a. <u>Trial counsel was ineffective at ;</u>

22               b. <u>Suppression Hearing;</u>

23               c. <u>Preliminary Hearing.</u>

24               d. <u>         </u>

25               Result: <u>Denied</u>          Date of Result: <u>July 27, 2006</u>

26         II.    Name of Court: <u>Sixth Appellate District</u>

27               Type of Proceeding: <u>Writ of Habeas Corpus</u>

28               Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS      - 4 -

1        a. <u>Ineffective Assistance Of Trial Counsel</u>

2        b. <u>Trial Court committed abuse of Discretion</u>

3        c.

4        d.

5        Result: <u>Denied</u>                Date of Result: <u>July 27, 2006</u>

6    III.    Name of Court:

7        Type of Proceeding:

8        Grounds raised (Be brief but specific):

9        a.

10       b.

11       c.

12       d.

13       Result:                    Date of Result:

14   IV.    Name of Court:

15       Type of Proceeding:

16       Grounds raised (Be brief but specific):

17       a.

18       b.

19       c.

20       d.

21       Result:                    Date of Result:

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23       Yes <u>xx</u>    No

24       Name and location of court: <u>Superior Court Santa Clara County</u>

25   B. GROUNDS FOR RELIEF

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1     need more space.  Answer the same questions for each claim.

2        [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3     petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4     499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One:  Trial Court committed Reversible Error in Admitting Other

6        Acts Evidence.

7     Supporting Facts: The Trial Court allowed the Jury to hear as evidence

8        Petitioner's two (2) prior Bank robbery convictions in 1994. These

9        Priors were used to show"intent","motive",Knowledge",and"identity".

10              ...Continue.....

11     Claim Two: The Court Erroneously Denied Appellant's Marsden(People v.

12        Marsden(1970)2 Cal.3D 118)Motions.

13     Supporting Facts:  As stated briefly detailed below,Appellant requested

14        substitution of counsel pursuant to Marsden(People v. Marsden(1970)

15        2 Cal.3d 118) On four(4)seperate occasions.  Each time his request

16        was denied.  These denials,and each of them, ..Continued...

17     Claim Three:  Petitioner was denied Effective Assistance of counsel

18

19     Supporting Facts: Petitioner has set forth numerous acts and omissions

20        by trial counsel brought to the trial court's attention in the course

21        of four Marsden hearings and a motion for a new trial(Claim Two;

22        Supporting facts VI(a)-(d).) ...Continue.....

23        If any of these grounds was not previously presented to any other court, state briefly which

24     grounds were not presented and why:

25     All issues raised in this petition have been presented and denied in all

26     lower courts.

27

28

1  ...Claim One Continued,

2                                     I.

3  A. The trial court,by admitting the two prior acts as evidence were so

4  prejudicial to petitioner that they deprived him his Federal Constitutional

5  Rights to Due process and a fair trial.

6  B. Evidence of Petitioner's Drug Use,

7      Petitioner contends that the evidence offered by the prosecution(CT277)

8  was inherently prejudicial and inadmissable. Counsel objected to this evidence

9  having opposed to the prosecutor's motion under section 1101(b);and thereafter

10 objected,during trial,to the evidence of petitioner's current drug use,

11 arguing that such evidence was unduly prejudicial.(RT 31-34;416.) Petitioner

12 raises this issue as a seperate ground for relief,in addition to the improper

13 admission of evidence of appellant's 1994 robbery priors.

14     Evidence of petitioner's drug use,as stated,was inherently prejudicial,

15 and exacerbated the error created by the erroneous admission of evidence

16 of the  1994 bank robberies. The "other acts"evidence,including the evidence

17 of petitioner's drug use,was  inherently inflammatory and prejudicial,and

18 deprived petitioner his Federal Constitutional Rights to Due Process and

19 a fair trial.(U.S.Const.,Amends.V,XIV;Evidence Code Section 352;See also

20 Old Chief v. United States(1997)519 U.S.172,136 L.Ed.2d 574,588;

21 Chapman v. California(1967)386 U.S.18,24; People v. Cardenas(1982)31 Cal.3d

22 897,906-907.)

23

24 ...Claim Two Continued,

25                                    II.

26     Deprived petitioner of his Federal Constitutional Rights to counsel and

27 ///

28 ///

                                  page 6(a).

1    Due Process.(U.S.Const.,Amends.VI,XIV.)

2

3    A. JULY 21,2004 MARSDEN HEARING;

4        At the July 21,2004 Marsden Hearing,Petitioner cited at least Ten(10)

5    incidents of allegedly ineffective reprsentation,including the following;

6    1. Counsel's failure to secure the attendance of Ralph Baca at the

7    preliminary hearing,notwithstanding defense counsel's agreement that this

8    would occur,in exchange for the defense's agreement that it would not oppose

9    the prosecutor's motion to continue the preliminary hearing.

10   2. Counsel's mishandling of the motion to suppress evidence and the hearing

11   on that motion.

12   3. Counsel's failure to investigate Sgt.Lawrence Ryan's apparent eavesdropping

13   of a confidential attorney-client visit between defense counsel and petitioner

14   (July 21,2004 RT 2-3,5-6,10.).

15       This Marsden motion was denied.

16

17   B. SEPTEMBER 20,2004 MARSDEN HEARING;

18

19       Petitioner filed a Marsden Motion dated September 20,2004,the first day

20   of testimony,and a hearing was had on the motion the same day.(CT 309-314.)

21       In this motion and at the hearing,Petitioner complained that trial counsel

22   had failed to provide him with witness statements,photographs,tapes,reports,

23   and other prosecution evidence,including evidence of "deals" made with

24   witnesses; That petitioner had filed a previous Marsden motion;and that

25   he had filed yet another Marsden motion after that(but before the one before

26   the court),but that counsel talked him out of following through with it,

27   ///

28   ///

1  so there had been no hearing upon it.(September 20 RT 112-113;CT 309-

2  312.)

3    In this Motion,Filed in August,Petitioner complained of [Counsel's failure

4  to communicate,and failure to investigate,among numerous other failings;and

5  requested pro per status.(CT 248-252);

6    As to the August motion,Counsel told petitioner "We are going to take

7  care of it".(September 20 RT 113.)

8    Petitioner again complained that Sgt.Ryan had compromised attorney-client

9  confidentiality.(September 20 RT 111-112;CT 311) and that counsel had not

10  followed up on this.(September 20 RT 111-112);that counsel's examination

11  of Ralph Baca was inadequate,in part,because petitioner had not had the

12  opportunity to review and discuss all statements;and that he believed Baca

13  earlier in the case had told officers he knew nothing about the robbery.

14  (September 20 Rt 109,118.)

15    Petitioner also advised the court that counsel's office had blocked

16  petitioner's phone calls.(September 20 RT 115.)

17    This Motion was denied.

18

19  C. SEPTMBER 28,2004 MARSDEN HEARING,

20

21    On September 27,2004,The last witness was prosecution witness Detective

22  Patrict Boyd. Detective Boyd offered testimony purportedly relating to

23  petitioner's 1994 bank robberies.

24    Detective Boyd for the most part testified from an interview with

25  petitioner about the robberies,and photographs made from surveillance tapes

26  of those robberies. The photos themselves were

27  ///

28

1  excluded pursuant to evidence code section 352,as unduly inflammatory.

2  (September 28 RT 336.)

3     The following day,September 28,petitioner once again moved for substitution

4  of counsel,pursuant to Marsden. Some of petitioner's complaints took issue

5  with counsel's handling of civilian witnesses.(September 28 RT 324.) AS

6  to these witnesses,counsel offered tactical reasons for his acts or ommisions.

7  (September 28 RT 361-363.) Petitioner also asserted that it have been proved

8  that the milk crate seized from the Aida Street address,which was represented

9  as being"the" instrument used in the robbery(RT 300-301),was not in fact

10 the milk crate used in the robbery,and the prosecution had admitted this.

11 Petitioner therefore claimed that counsel had been ineffective for failing

12 to object to evidence of the crate.(September 28 RT 321.)

13    If it was indeed true that the crate seized was not the crate one used

14 in the robbery,That petitioner's point was well taken and any and all evidence

15 of the milk crate should have been excluded,Unfortunately the court never

16 addressed this issue.This was an error in and of itself.

17    There is a substantial likelihood that petitioner was found guilty in

18 part on the basis of false or misrepresented or materially misleading

19 evidence.

20    The remainder of petitioner's complaints at the September 28 hearing

21 related to counsel's examination of Detective Boyd.(September 20 RT 321-

22 323.) Petitioner contended that Boyd's testimony regarding the prior robberies

23 was false or misleading. Petitioner complained that Boydand the prosecutor,

24 gave the false impression that the prior crimes were drug related.Petitioner

25 vigorously asserted at the September 28 hearing that this was not and could

26 not have been the case,and that the prosecutor was aware of this.(September

27 28 RT 355.)

28 ///

page 6(d).

1    Petitioner contended that the photographs and records of the prior robberies

2    showed crucial dissimilarities between the priors and the present case,

3    contrary to Boyd's testimony,which was material insofar as it gave the

4    impression that those robberies were sufficiently similar to the present

5    case so as to identify petitioner as being the perpetrator of the charged

6    robbery.(September RT 355-356,361.)

7

8    C. THE TRIAL COURT ERRONEOUSLY REFUSED TO APPOINT SUBSTITUTE COUNSEL TO

9    INVESTIGATE,PRESENT AND ARGUE A MOTION FOR A NEW TRIAL ON PETITIONER'S BEHALF.

10       On December 23,2004 petitioner requested substitute counsel to

11   investigate trial counsel's ineffectiveness at trial(December 23 RT 546.)

12     Petitioner contended that substitute counsel was needed to investigate

13   the following claims of ineffectiveness of trial counsel;

14   1. Failure to properly confront the statements of Ralph Baca.(CT 440,443.)

15   2. Failure to properly investigate Sgt.Ryan's eavesdropping on confidential

16   attorney-client communication.(CT 466-467.)

17   3. Failure to properly investigate and present the motion to suppress

18   evidence.(CT 437.)

19   4. Failure to properly investigate and oppose the prosecutor's 1101(b) motion.

20   (CT 439.)

21   5. Failure to investigate petitioner's allegation that the milk crate,

22   evidence of which was presented to the jury,was not in fact an instrumentality

23   used in the robbery.(CT 453.)

24

25   D. CONCLUSION

26      Accordingly,Petitioner contends that the trial court erred in denying

27   his request for substitute counsel at each marsden hearing,and his request

28   ///

                        page 6(e).

1   For pro per status, As to each of these denials,Petitioner was deprived

2   his Federal Constitutional Rights to counsel and Due Process.(See Strickland

3   v. Washington(1984)466 U.S.668,687[80 L.Ed.2d 674,683;104 S.Ct.2052;

4   People v. Marsden(1970)2 Cal.3d 118,citing Brubaker v. Dixon(9th Cir.1962)

5   310 F.2d 30,32; Faretta v. California(1975)422 U.S.806,819-821; In re Winship

6   (1970)397U.S.358,361-364; Giglio v. United States(1972)405 U.S.150,154-155.)

7   (U.S.Const.,Amends VI,XIV.)

8

9                               III.

10  ...Claim Three Continued,

11      Petitioner respectfully asserts each and every one of those acts and

12  ommisions as a seperate claim of ineffective assistance of counsel;and that

13  under prevailing professional norms,resonably competent counsel would not

14  have committed the acts or ommisions complained of;and that,due to such

15  acts and ommisions,and each of them,the reliability of the result in

16  petitioner's case was undermined.(Strickland v. Washington(1984)466 U.S.668,

17  687,694; U.S.Const.,Amends VI,XIV.).

18

19                               IV.

20

21  Claim Four:

22      REPEATED VIOLATIONS OF PETITIONER'S FARETTA RIGHTS(FARETTA V. CALIFORNIA

23  (1975)422 U.S.806)

24  SUPPORTING FACTS:

25    A. The September 28,2004 Faretta Motion;

26      In the present case,petitioner,following the denial of his third Marsden

27  ///

28  ///
                              page 6(f).

1   motion on September 28,2004,asked thaT he be allowed to represent himself

2   for the remainder of the trial.(RT 366.) The trial court expressed concern

3   about the timeliness of the request. Nevertheless,petitioner stated that

4   he was willing to continue with the case at the time.(RT 367.) The court

5   expressed concern that petitioner had not made a Faretta motion previously

6   (RT 370),when,in fact,petitioner had done so on September 20,but the court

7   failed to act upon it.(CT 311;September 20 RT 125.)

8       The prosecutor did not oppose the request and in fact agreed that petitioner

9   "should be allowed to do it"so long as he was prepared to go forward with

10  the case on schedule.(RT 369-370.)

11      In the course of inquiring of petitioner as to his understanding of the

12  pitfalls of self representation,petitioner stated he understood these and

13  still wished to proceed as his own attorney),the court extracted a waiver

14  **from petitioner of the right to in the future challenge the competence of**

15  his then existing attorney.Mr O'neal stated he did not believe that a waiver

16  of counsel under Faretta required a waiver of the Right to raise

17  ineffectiveness claims against the attorney replaced.Petitoner similarly

18  asked the court why this would be so.(RT 372-373.)

19      The court percieved an unwillingness on petitioner's part to waive such

20  claims as evidence that petitioner's waiver of counsel was not unequivocal.

21  Based upon this conclusion,the court found that petitioner's waiver was

22  not knowing,intelligent and voluntary,and denied petitioner's Faretta Motion.

23  (RT 373-374.)

24      The trial court's denial of petitioner's request for self-representation

25  was a blatant abuse of descretion. This denial deprived petitioner his right

26  to self representation and right to effective assistance of counsel as well

27  ///

28  ///

page 6(g).

as petitioner's State and Federal rights to due process and State analogue

to the Federal Constitutional right to counsel.(U.S.Const.,Amends.VI,XIV;Cal.

Const.,Art.I,Sec.15.) (See also Simmons v. United States(1968)390 U.S.377,

394; United States v. Dougherty supra,573 F.2d at1128; People v. Joseph,supra,

34 Cal.3d at p.943;Arizona v. Fulminante,(1991)499 U.S.279,309-310.)


**V.**


Claim Five:

THE LOSS OR DESTRUCTION OF THE TAPE OF PETITIONER'S STATEMENT COMPELS

REVERSAL OF THE JUDGMENT.


Supporting Facts:

Petitoner moved to suppress evidence of Sgt.Ryans interogation of

petitioner on the ground that the tape made of the statement could not be

located.(RT 420-421.) This motion was denied.(RT-422.)

Petitioner contends that his motion was erroneously denied and the

admission of evidence of this interrogation violated his State and Federal

due process rights and to confront the evidence against him.(U.S.Const.,

Amends VI,XIV;Brady v. Maryland(1963)373 U.S.83 at p.87; Crane v. Kentucky

(1986)476 U.S.683,690-691; Cal.Const.,Art.I,Sec.15:In re Sassounian(1995)9

Cal.4th 535,544; see also Miranda v. Arizona(1966)384 U.S.436.).

///

///

**VI.**

Claim Six:

THE PROSECUTOR COMMITTED PREJUDICIAL MISCONDUCT IN INFORMING THE JURY THAT HE DID NOT BELIEVE THAT RALPH BACA WAS AN ACCESSORY IN THIS CASE.

Supporting Facts:

In the presence of the jury,and While Ralph Baca was on the stand,the following took place:

"The prosecutor[to Mr.Baca]:Do you understand after talking to your lawyer that I don't believe you committed the crime of—

The Court: That's an improper question. What you believe has nothing to do with this trial."(RT 74.)

This what occured in the above exchange. The prosecutor stated his personal belief that Ralph Baca ws not an accessory in this case violated petitioner's due process rights to a fair trial. This brief statement by the prosecution "so affected[The trial] with unfairness as to make the resulting conviction a violation of due process.(United States v. Koyajan(9th Cir.1993)8 F.3d 1315,1323; Donnelly v. DeChristoforo(1974)416 U.S.637,643; U.S.Const.,Amend. XIV.)

**VII.**

Claim Seven:

"Supplemental Evidence" A Declaration by Richard Sanchez,A long time friend and fellow county jail prisoner of Ralph Baca.

Supporting Facts:

Richard Sanchez who in his declaration delcares under penalty of perjury

///

page 6(i).

1  (Hereto attached as exhibit"A")that while housed together with Ralph Baca

2  On or about the month[s] of November or December,and year of 2003(Sanchez

3  Declaration ¶1).

4    Ralph Baca,said that he was going to get even with an individual by the

5  name of "Rico",also refered to as Eric.He(Ralph)said that Eric was sleeping

6  with his wife and that he was going to get even with Eric by setting him

7  up.(Sanchez Decl.¶1)

8    Ralph Baca was disgruntal and went as far as to ask if I(Richard Sanchez)

9  knew of anyone who could possibly attack Eric.He offered a ¼ ounce of meth,if

10  I would help him.(Sanchez Decl.¶1.)

11    This supplemental evidence further supports the length of actions Ralph

12  Baca was willing to go to inorder to get even with petitioner for sleeping

13  with his wife "Teresa Baca". Evidence of Ralph's jealousy was presented

14  as evidence to the jury (RT 99-104.)

15    Petitioner has all along asserted that Ralph Baca was setting him up

16  for the present crime he was convicted for.(See also Declaration of Petitioner

17  to authenticate Declaration of Richard Sanchez).Attached as Exhibit"B".

18

19                          CONCLUSION

20    As to all the above seperate claims,Petitioner contends that due to each

21  of them he was deprived his Federal Constitutional rights to due process and

22  a fair trial.(U.S.Const.,Amends.VI,XIV.)

23  ///

24  ///

25

26

27

28                      page 6(j).

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3   of these cases:

4   Claim One starting at page 6(a);Claim Two starting at page6(f);

5   Claim Three starting at page 6(f);Claim Four Starting at page 6(h);

6   Claim Five Starting at page 6(h); Claim Six Starting at page 6(i)..

7   Do you have an attorney for this petition?          Yes____    No XX

8   If you do, give the name and address of your attorney:

9   _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _November 4, 2007_       _Eric C Duarte_

14               Date                         Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS     - 7 -

# EXHIBIT
# COVER PAGE



**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**

Declaration of Richard Sanchez

**NUMBER OF PAGES TO THIS EXHIBIT:** ___2___ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ **MUNICIPAL COURT**

☐ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☒ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

I, Richard A. Sanchez #V39407, declare under penalty of perjury as follows:

On or about the month(s) of November or December, and year of 2003. I was an inmate housed in the Santa Clara County Main Jail North, in protective custody unit 6-A along with several other inmates in particular one Ralph Baca. During the time spent together with Ralph Baca in special housing unit 6-A he stated the following statements, coments and or remarks. It was during our jail house reunion that Ralph Baca, said that he was going to get even with an individual by the name of Rico, also referd to as Eric. He said that Eric was sleeping with his wife and that he was going to get even with Eric by setting him up. Ralph Baca was disgrunta and went as far as to ask if I knew of anyone who could poss attack Eric. He offerd a 1/4 ounce of meth, if I would help him. Soon there after he was moved to a diferent unit. I state for the record I personally know Ralph Baca and his

WIFE, THERESA BACA SINCE 1993.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED, OCT 16TH 2003    X  Richard Sanchez

RICHARD SANCHEZ

# EXHIBIT
# COVER PAGE 

**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**

Declaration of Eric cresencio Duarte (Petitioner)
To authenticate Declaration of Richard sanchez.

**NUMBER OF PAGES TO THIS EXHIBIT:** ___2___ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ **MUNICIPAL COURT**

☐ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☒ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

Eric Cresencio Duarte,C.D.C.#T-24814
Salinas Valley State Prison
Facility A4/235
P.O.BOX 1050
Soledad,California 93960-1060
In pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re | Case No._____

Eric Cresencio Duarte | DECLARATION OF ERIC CRESENCIO DUARTE TO AUTHENTICATE

On Habeas Corpus | DECLARATION OF RICHARD SANCHEZ IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS.

_____|

I Eric Cresencio Duarte,Declare as follows:

1. I am the petitioner in the above-referenced matter,that I am incarcerated

at Salinas Valley State Prison,and that I have personal knowledge of

Richard Sanchez' Declaration provided to petitioner,and if called upon

to do so,I could and would testify competently thereto;

2. Sometime in the middle of 2004,while housed at San Quentin State Prison,

"Carson Section",I met a fellow prisoner by the name of Richard Sanchez,

3. Mr.Sanchez informed me that he was asked by a friend of his named"Ralph

Baca to assist him in attacking me,and that Ralph had mentioned to him

that he was going to get even with me for sleeping with his wife Teresa

Baca.

4. I asked Mr.Sanchez if he would be willing to testify to this conversation

he had with Mr.Baca.

5. Mr.Sanchez stated he would.

6. I asked Mr.Sanchez if he would document every word he remembered with

Baca in the form of a declaration.

7. On October 16,2004,Mr.Sanchez provided me with a detailed declaration signed under penalty of perjury as to the conversation he had with Mr.Baca while housed together in the Santa Clara county jail(protective housing unit 6-A.)

8. I further declare that Mr.Sanchez mistakenly misdated his declaration as October 16,2003.

9. The correct date was on October 16,2004 as prison records will reflect this to be fact.

10. That when Mr.Sanchez provided this declaration to petitioner,I was soon thereafter transferred to Corcoran State Prison,and was unable to contact Mr.Sanchez to request his assistance with correcting his Dates Declaration

11. Prior to Mr.Sanchez informing me of Mr.Baca's statements to him,I did  not personally know Mr.Sanchez,neither have i spoken to Mr.Sanchez in regards to my conviction in the present case.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct as i believe them to be,and that this declaration was executed on this 4th day of November ,2007,at Salinas Valley State Prison,P.O.BOX1050,Soledad,California 93960-1060.


Eric Cresencio Duarte

Declarant

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, __Eric Cresenio Duarte__ declare under penalty of perjury that: I am the _Petitioner_ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this __4th__ day of __November__, 20__07__, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _Eric C Duarte_
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, __Eric Cresencio Duarte__, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On __11/4__, 20__07__, I served the foregoing: __Petition for writ of habeas corpus §2254__

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

| | | |
|---|---|---|
| U.S.Dist.Court Northern Dist. | Attry General | |
| Federal Office Building | P.O.BOx 944255 | |
| 450 Golden Gate Avenue | Sacramento,California | |
| San Francisco,California 94102-3483 | 94244-2550 | |

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: __11/4__, 20__07__,

_Eric C Duarte_
DECLARANT/PRISONER