NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. DUARTE,<br><br>    Petitioner,<br><br>  vs.<br><br>M.S. EVANS,<br><br>    Respondent. | 07-5678<br>No. C ~~06-3354~~ JF (PR)<br><br>ORDER GRANTING PETITIONER'S MOTIONS TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>(Docket Nos. 3, 5) |

Petitioner, a state prisoner proceeding <u>pro se</u>, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed two motions to proceed in forma pauperis. The Court concludes that Petitioner has shown good cause to proceed in forma pauperis and will GRANT Petitioner's motions (docket nos. 3, 5). Petitioner alleges in the petition that he has a pending proceeding in the Santa Clara Superior Court. The Court issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice because he has not exhausted his state court remedies.

///

**BACKGROUND**

The instant petition was filed on November 8, 2007. Petitioner challenges his 2004 criminal conviction in the Santa Clara Superior Court. Petitioner alleges that he presented his claims to the state appellate court and the state supreme court on direct appeal. Thereafter, he filed two post-conviction habeas petitions. Petition at 3-5. Petitioner also indicates that a post-conviction proceeding is currently pending in the Santa Clara Superior Court. Id. at 5.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b)-(c); see also O'Sullivan v Boerckel, 119 S.Ct 1728, 1730 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims). The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If, for example, an appeal of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue raised in the petition has been finally settled in the state courts. Id.

Here, the petition states that there is a pending appeal, habeas petition, or post-conviction state court proceeding. Petition at 5. Accordingly, the Court issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice to refiling once he exhausts his pending state court action.

1  Petitioner shall file a response **within thirty (30) days** of the date of this order
2  addressing: (1) whether he has a habeas petition, appeal, or other post-conviction
3  proceeding now pending before the state court; and (2) whether the instant petition
4  challenges the same conviction at issue in his pending state case.  Failure to file a timely
5  response will result in the Court dismissing the instant petition without prejudice for
6  failure to exhaust state court remedies.
7       Petitioner's motions to proceed in forma pauperis (docket nos. 3, 5) are
8  GRANTED.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
9  the Court and all parties informed of any change of address by filing a separate paper
10 captioned "Notice of Change of Address."  He must comply with the Court's orders in a
11 timely fashion.  Failure to do so may result in the dismissal of this action for failure to
12 prosecute pursuant to Federal Rule of Civil Procedure 41(b).
13     IT IS SO ORDERED.
14 DATED: 4/8/08 _____

JEREMY FOGEL
United States District Judge

Order Granting Petitioner's Motions to Proceed in Forma Pauperis; Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.07\Duarte678ifposcpnd                3