NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC C. DUARTE, | ) | No. C 07-05678 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| M.S. EVANS, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding <u>pro se</u>, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Because Petitioner alleged in the petition that he has a pending proceeding in the Santa Clara Superior Court, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. Petitioner has filed a response stating that he wishes to proceed with only the exhausted claims. The Court orders Respondent to show cause why the petition should not be granted.

///

///

///

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.07\Duarte678_osc.wpd         1

## BACKGROUND

Petitioner was convicted by a jury in Santa Clara County Superior Court of robbery with the use of a firearm, an ex-felon in possession of ammunition, false imprisonment and a three strikes enhancement under California's "Three Strikes" law. On December 23, 2004, Petitioner was sentenced to 150 years to life in state prison. Petitioner filed unsuccessful direct appeals, with the California Supreme Court denying review in 2006. Petitioner filed a federal habeas petition on November 8, 2007.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for federal habeas relief, Petitioner claims the following: 1) the trial court erred in admitting prior acts as evidence, violating due process; 2) the trial court erred in denying Petitioner's Marsden motion for substitution of counsel; and 3) ineffective assistance of counsel. Liberally construed, Petitioner's claims are cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney

1  General of the State of California.  The Clerk shall also serve a copy of this order on the
2  Petitioner.

3      2.     Respondent shall file with the Court and serve on Petitioner, **within sixty**
4  **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of
5  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
6  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
7  copy of all portions of the state parole record that have been transcribed previously and
8  that are relevant to a determination of the issues presented by the petition.

9     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
10  with the Court and serving it on Respondent **within thirty (30) days** of that the answer is
11  filed.

12      3.     Alternatively, Respondent may, within **sixty (60) days** of the date this order
13  is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in
14  the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If
15  Respondent files such a motion, Petitioner shall file with the Court and serve on
16  Respondent an opposition or statement of non-opposition **within thirty (30) days** of the
17  date the motion is filed, and Respondent shall file with the court and serve on Petitioner a
18  reply **within fifteen (15) days** of the date any opposition is filed.

19      4.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
20  that all communications with the Court must be served on respondent by mailing a true
21  copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
22  parties informed of any change of address by filing a separate paper captioned "Notice of
23  Change of Address."  He must comply with the Court's orders in a timely fashion.
24  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
25  to Federal Rule of Civil Procedure 41(b).

26     IT IS SO ORDERED.
27  DATED: 5/26/09

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.07\Duarte678_osc.wpd     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERIC C DUARTE,

        Petitioner,

  v.

M S EVANS, Warden,

        Respondent.

Case Number: CV07-05678 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/11/09, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Cresencio Duarte T-24814
Salinas Valley State Prison
Facility A4/235/L
PO Box 1050
Soledad, CA 93960

Dated: 6/11/09

                                      Richard W. Wieking, Clerk